1

MAYER BROWN LLP
Evan M. Wooten (#247340)
ewooten@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 621-9450
Facsimile: (213) 625-0248

Debra Bogo-Ernst (*pro hac vice to be filed*)
dernst@mayerbrown.com
Lucia Nale (*pro hac vice to be filed*)
lnale@mayerbrown.com
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
Facsimile:  (312) 701-7711

*Attorneys for Defendant Citibank, N.A.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBIN MOODY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A.,<br><br>Defendant. | Case No. 3:18-cv-04496-JD<br><br>**DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: Thursday, November 15, 2018<br>Time: 10 a.m.<br>Location: Courtroom 11, 19th Floor<br><br>Judge: The Honorable James Donato |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS OR STAY ................................................. 1

STATEMENT OF THE ISSUES TO BE DECIDED ................................................................. 1

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

     A.    Factual Background ................................................................................ 2

     B.    Legal Background ................................................................................... 4

ARGUMENT ..................................................................................................................... 6

     I.    This Action Should Be Dismissed Because Plaintiff Does Not And Cannot Allege That Citibank Breached Any Duty Under California Civil Code § 2954.8(a)......... 6

     II.    This Action Should Be Stayed Pending The Supreme Court's Review Of *Lusnak* ................................................................................................... 10

     III.    Citibank Reserves Its Right To Argue Preemption If *Lusnak* Is Overturned ........ 13

CONCLUSION .................................................................................................................. 13

i

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY, AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, CASE NO. 3:18-CV-04496-JD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................6

*Bank of Am. v. City & Cty. of S.F.*,
    309 F.3d 551 (9th Cir. 2002) ......................................................................................4

*Barnett Bank of Marion Cty., N.A. v. Nelson*,
    517 U.S. 25 (1996) ...........................................................................................4, 5, 12

*Bass v. Cty. of Butte*,
    458 F.3d 978 (9th Cir. 2006) ......................................................................................8

*Beck Park Apartments v. U.S. Dep't of Hous. & Urban Dev.*,
    695 F.2d 366 (9th Cir. 1982) ......................................................................................7

*Bowden v. Contract Callers, Inc.*,
    2017 WL 1732017 (N.D. Cal. 2017) ........................................................................10

*In re Capacitors Antitrust Litig.*,
    106 F. Supp. 3d 1051 (N.D. Cal. 2015) .....................................................................6

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) ........................................................................6, 10, 11

*Droeger v. Friedman, Sloan & Ross*,
    54 Cal.3d 26 (1991) ....................................................................................................8

*Enter. Leasing Corp. v. Shugart Corp.*,
    231 Cal. App. 3d 737 (1991) ......................................................................................9

*Gutierrez v. Wells Fargo Bank, NA*,
    704 F.3d 712 (9th Cir. 2012) ......................................................................................4

*Indep. Living Ctr. of S. Cal. v. Shewry*,
    2010 WL 11520671 (S.D. Cal. 2010) ......................................................................11

*Johnson v. Federal Home Loan Mortgage Corporation*,
    793 F.3d 1005 (9th Cir. 2015) ....................................................................................9

*Kaltwasser v. Cingular Wireless LLC*,
    2010 WL 2557379 (N.D. Cal. 2010) ........................................................................10

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ............................................................................................10, 11

ii

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY, AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, CASE NO. 3:18-CV-04496-JD

*Larroque v. First Advantage LNS Screening Solutions, Inc.*,
  2016 WL 39787 (N.D. Cal. 2016)........................................................................10, 11

*Levya v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979)......................................................................................10

*Lewis v. Boehm*,
  947 F.2d 1265 (Wash. Ct. App. 1997) ........................................................................9

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005)....................................................................................10

*Lusnak v. Bank of America, N.A.*,
  2014 WL 6779131 (C.D. Cal. 2014)............................................................................5

*Lusnak v. Bank of America, N.A.*,
  883 F.3d 1185 (9th Cir. 2018)....................................................................1, 4, 5, 10

*Martinez v. Wells Fargo Home Mortg., Inc.*,
  598 F.3d 549 (9th Cir. 2010)........................................................................................4

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
  708 F.2d 1458 (9th Cir. 1983)....................................................................................10

*Nationstar Mortg., LLC v. Springs at Spanish Trail Ass'n*,
  2017 WL 752775 (D. Nev. 2017) ..............................................................................11

*Robledo v. Randstad US, L.P.*,
  2017 WL 4934205 (N.D. Cal. 2017)..........................................................................10

*Rodriguez v. Cleansource, Inc.*,
  2015 WL 12434307 (S.D. Cal. 2015) ........................................................................11

*Rosell v. Wells Fargo Bank, N.A.*,
  2014 WL 4063050 (N.D. Cal. 2014)............................................................................2

*Watters v. Wachovia Bank, N.A.*,
  550 U.S. 1 (2007) ..........................................................................................................4

*Wells Fargo Bank N.A. v. Boutris*,
  419 F.3d 949 (9th Cir. 2005)........................................................................................4

*Wolf v. Lyft, Inc.*,
  2015 WL 4455965 (N.D. Cal. 2015)..........................................................................10

**Statutes, Rules, and Regulations**

12 U.S.C. § 25b ........................................................................................................................4

15 U.S.C. § 1639d ......................................................................................................4, 5, 6, 12

Cal. Fin. Code § 50003 ..................................................................................8

Cal. Fin. Code § 50202 ..................................................................................8

Cal. Civil Code § 2954.8(a) ..................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ..............................................................................1, 6

S. Ct. R. 10(c) .............................................................................................12

12 C.F.R. § 34.4 ............................................................................4, 5, 12, 13

12 C.F.R. § 34.4 (2004) ...............................................................................4

69 Fed. Reg. 1904 (Jan. 13, 2004) ...............................................................4

76 Fed. Reg. 43,549 (July 21, 2011) ............................................................4

**Other Authorities**

Consumer Financial Protection Bureau, *What's the difference between a mortgage lender and a servicer?* (Sept. 13, 2017) ...............................................8

HUD Handbook 4330.1, Rev-5, § 2-5 ..........................................................7

Office of the Comptroller of the Currency, *National Banks Active As Of 8/31/2018* ......................3

**NOTICE OF MOTION AND MOTION TO DISMISS OR STAY**

PLEASE TAKE NOTICE that on Thursday, November 15, at 10 a.m., or as soon thereafter as the matter may be heard before the Honorable James Donato in the United States District Court for the Northern District of California, Courtroom 11, located on the 19th Floor of the United States Courthouse at 450 Golden Gate Avenue, San Francisco, California, Defendant Citibank, N.A. will and hereby does move to dismiss or, in the alternative, to stay this action.

The Court should dismiss this action with prejudice under Rule 12(b)(6) because the Complaint fails to state a claim for which relief may be granted. Alternatively, the Court should stay this action while *Bank of America, N.A. v. Lusnak*, No. 18-212, is pending before the Supreme Court. This motion is based on this notice of motion, motion, and memorandum of points and authorities as well as the pleadings, the exhibits attached to the concurrently filed request for judicial notice, and the argument of counsel at the time of the hearing.

Dated: October 9, 2018            Respectfully submitted,

By: */s/ Evan M. Wooten*
    Evan M. Wooten
    Debra Bogo-Ernst
    Lucia Nale

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Whether this action should be dismissed because it is based on the allegation that Citibank violated a California state-law that does not apply to Citibank here.

2. Whether this action should be stayed while *Bank of America, N.A. v. Lusnak* is pending before the Supreme Court on petition for writ of certiorari to the Ninth Circuit.

**INTRODUCTION**

The Office of the Comptroller of the Currency ("OCC"), both before and after the adoption of the Dodd-Frank Act ("DFA"), has consistently determined that state-law limitations concerning escrow accounts are the types of laws that obstruct or impair a national bank's ability to fully exercise its federally authorized real estate lending powers, and therefore do not apply to national banks, such as Citibank. Those determinations are set forth in OCC regulations that have been properly adopted and have the force of law. Despite this long-standing precedent, the Ninth

Circuit, in *Lusnak v. Bank of America, N.A.*, 883 F.3d 1185 (9th Cir. 2018), held that the National Bank Act ("NBA") does not preempt California Civil Code § 2954.8(a), which requires mortgage originators and purchasers who receive advance payments held in escrow for taxes, insurance, and other purposes to pay borrowers two-percent interest on the payments so held. In an amicus brief filed in the *Lusnak* case, the OCC argued that the Ninth Circuit's ruling is incorrect because it disregards binding OCC regulations, misconstrues binding Supreme Court precedent regarding NBA preemption, and improperly applies inapposite provisions of the DFA. Bank of America has filed a petition for certiorari, and that petition is currently pending before the Supreme Court.

In this putative class action, Plaintiff Robin Moody relies on *Lusnak* to bring state-law claims against Defendant Citibank, N.A. ("Citibank") for violating Civil Code § 2954.8(a) by not paying escrow interest to Plaintiff. Citibank maintains that *Lusnak* was wrongly decided and Plaintiff's claims are preempted. But even if *Lusnak* is not reversed, Plaintiff's Complaint should be dismissed: § 2954.8(a) does not apply where, as here (and in contrast to the facts in *Lusnak*), a bank purchases a previously originated mortgage but does not assume the servicing obligations, and hence is not responsible for collecting or receiving any escrow payments. Alternatively, this action should be stayed until the Supreme Court has decided whether to grant certiorari in *Lusnak* and (if the Court takes the case) until the Court has ruled on the merits.

## BACKGROUND

### A.    Factual Background

As alleged in the Complaint, Plaintiff entered an agreement in 2006 with Countrywide Home Loans, Inc. ("Countrywide") for a mortgage on a residential property in Alameda County, California. Compl. ¶ 5. The Deed of Trust is Exhibit A to Citibank's concurrently filed request for judicial notice ("Ex. A").[1] Along with principal and interest payments, the Deed of Trust requires that the "Borrower" (Plaintiff) periodically "shall pay" to the "Lender" (which is defined

---

[1] Exhibits A and B are Alameda County public records constituting "evidence which a court may properly consider on a motion to dismiss" because they are "evidence subject to judicial notice under Federal Rule of Evidence 201" as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Rosell v. Wells Fargo Bank, N.A.*, 2014 WL 4063050, at *3 (N.D. Cal. 2014).

in the Deed of Trust as Countrywide) "funds for Escrow Items," including "taxes and assessments" and "premiums for any and all insurance required by Lender." Ex. A at 2, 4, 5. In 2016, the Deed of Trust was assigned to Citibank. Compl. ¶ 5. The Assignment of Deed of Trust is Exhibit B to Citibank's request for judicial notice ("Ex. B"). Citibank, N.A. is a "National Association" or national bank chartered by the OCC.[2]

The Complaint also alleges that Plaintiff "has timely deposited funds into the escrow accounts" but "has never received back from *Defendant or its agents or loan servicers* the interest owing on her funds." Compl. ¶ 7 (emphasis added). Plaintiff does not—because she cannot— allege that Citibank ever serviced Plaintiff's mortgage or escrow account. Nor does the Complaint allege a basis for suggesting that they were serviced by any Citibank agent or affiliate. To the contrary, Section 20 of the Deed of Trust specifically says that "[i]f the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer … and are not assumed by the Note purchaser." Ex. A at 12. Although the complaint fails to identify the mortgage servicer that actually collects and receives Plaintiff's escrow payments, because the Complaint does not and cannot allege that Citibank is responsible for collecting and receiving those escrow payments, Citibank falls outside the purview of California Civil Code § 2954.8(a): the duty to pay escrow interest under § 2954.8(a) applies only to the financial institution that "*receives* money in advance for … purposes relating to the property (emphasis added); *see infra* at 6–10.

Yet Plaintiff seeks to represent a putative class of "mortgage loan customers of Citi (or its subsidiaries)" "to whom Citi and its agents and loan servicers failed to pay interest." Compl. ¶ 14. The Complaint seeks injunctive relief and disgorgement under California's Unfair Competition Law ("UCL") for unlawful and unfair business practices—based on Citibank's alleged noncomplince with § 2954.8(a)—and it seeks damages for breach of contract—based on a Deed-of-Trust provision that allegedly incorporates "Applicable Law."[3] *Id.* ¶¶ 23–33 & p. 10.

---

[2] *See* OCC, *National Banks Active As Of 8/31/2018*, https://www.occ.treas.gov/topics/licensing/national-banks-fed-savings-assoc-lists/national-by-name-pdf.pdf (listing Citibank, N.A.).

[3] Section 3 of the Deed of Trust provides that "Lender shall be required to pay Borrower any interest or earnings on the [escrow] Funds," "[u]nless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds." Compl. ¶ 6 (quoting Ex. A at 5).

3

1    **B.    Legal Background**

2         The NBA, 12 U.S.C. §§ 1 *et seq.*, governs national banks, granting them certain powers

3    and authorizing the OCC to oversee them. *See Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 6

4    (2007); *Bank of Am. v. City & Cty. of S.F.*, 309 F.3d 551, 561–63 (9th Cir. 2002). While national

5    banks are subject to some state-law regulation, the Supreme Court ruled in *Barnett Bank of*

6    *Marion Cty., N.A. v. Nelson*, 517 U.S. 25 (1996) that the NBA preempts state laws that "prevent

7    or significantly interfere with the national bank's exercise of its powers." *Id.* at 33; *see Gutierrez*

8    *v. Wells Fargo Bank, NA*, 704 F.3d 712, 722 (9th Cir. 2012). The OCC's regulatory authority

9    includes "the authority to displace contrary state regulation." *Wells Fargo Bank N.A. v. Boutris*,

10   419 F.3d 949, 962 (9th Cir. 2005). Indeed, "OCC regulations possess the same preemptive effect

11   as the Act itself." *Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 555 (9th Cir. 2010).

12        In 2004, the OCC adopted a final rule specifying the types of state laws that are preempted

13   as applied to the activities of national banks. *See* 69 Fed. Reg. 1904 (Jan. 13, 2004). Those

14   included "state law limitations concerning … [e]scrow accounts." 12 C.F.R. § 34.4(a), (a)(6)

15   (effective Jan. 13, 2004); *see Martinez*, 598 F.3d at 556–57 (§ 34.4 preempted plaintiffs' state-law

16   claims). In 2010, the DFA codified the *Barnett* standard as the applicable standard for making any

17   preemption determinations. 12 U.S.C. § 25b(b)(1)(B). The OCC thereafter "re-reviewed" its 2004

18   rule. 76 Fed. Reg. 43,549 at 43,557 (July 21, 2011). Its final rule confirmed that "state law

19   limitations concerning … [e]scrow accounts" are preempted. 12 C.F.R. § 34.4(a), (a)(6).

20        In March 2018, the Ninth Circuit decided *Lusnak v. Bank of America*. There, Lusnak's

21   mortgage had been originated in 2009 by a Bank of America subsidiary and was both owned *and*

22   *serviced* by Bank of America. *See* Appellee's Response Brief 4, Lusnak v. Bank of America,

23   N.A., No. 14-56755 (9th Cir.), Dkt. 16. As here, Lusnak brought UCL and contract claims

24   alleging Bank of America failed to pay escrow interest required by California Civil Code

25   § 2954.8(a), and also required by a DFA amendment to the Truth In Lending Act ("TILA")

26   stating that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to

27   the consumer on the amount held in any … escrow account that is subject to this section in the

28   manner as prescribed by that applicable State or Federal law." 15 U.S.C. § 1639d(g)(3). The

4

1   district court dismissed on the grounds that the NBA preempts § 2954.8(a) and the DFA does not

2   impact the preemption analysis. *Lusnak v. Bank of America, N.A.*, 2014 WL 6779131, at *5–9

3   (C.D. Cal. 2014).

4       The Ninth Circuit reversed. *Lusnak*, 883 F.3d at 1198. The Court recognized that

5   § 1639d(g)(3) applies only to "federally mandated" escrow accounts "subject to" § 1639d, and

6   did not apply to Lusnak, whose escrow account was established prior to the DFA's effective date.

7   *Id*. at 1197. But the court held that the "NBA does not preempt … § 2954.8(a)" because "no legal

8   authority establishes that state escrow interest laws prevent or significantly interfere with the

9   exercise of national bank powers, and Congress itself, in enacting Dodd-Frank, has indicated that

10  they do not." *Id*. The court relied on the requirement under § 1639d(g)(3) to pay escrow interest

11  under "applicable State … law," concluding that that provision "expresses Congress's view that

12  such laws would not necessarily prevent or significantly interfere with a national bank's

13  operations." *Id*. at 1194–95. The court refused to regard the OCC's own preemption

14  determinations as legal authorities establishing that § 2954.8(a) is preempted, concluding that

15  under "*Skidmore* deference" principles they are "entitled to little, if any, deference" as to applying

16  the *Barnett* preemption analysis. *Id*. at 1193–94.[4]

17      The OCC filed an amicus brief supporting Bank of America's petition for *en banc*

18  rehearing, arguing that the panel "err[ed] in matters of fundamental importance to the national

19  banking system" and contradicted Supreme Court precedent. Brief of Amicus Curiae 1, 11–12,

20  Lusnak, No. 14-56755 (9th Cir.), Dkt. 46. The OCC endorsed the district court's conclusion that

21  the DFA's TILA amendment is inapplicable. *Id*. at 16–18. The OCC also endorsed the district

22  court's conclusion that § 2954.8(a) is preempted under *Barnett* because it (1) burdens national-

23  bank lending activity; (2) burdens national-bank escrow-account activity by imposing a fixed,

24  inflexible interest rate; and (3) subjects national banks to potentially diverse, duplicative

25  requirements across the fifty states. *Id*. at 15. The OCC further argued that the panel "had no basis

---

26  [4] The court also noted that the OCC's post-DFA rule amended § 34.4(b) to clarify that state laws

27  "that [are] made applicable by Federal law" are not preempted "to the extent consistent with"
    *Barnett*. 883 F.3d at 1196 (quoting 12 C.F.R. § 34.4(b)(9)). The court supposed that the DFA's

28  TILA amendment made state escrow-interest laws "applicable."

for disregarding" "OCC's regulations" entitled to "deference under the *Chevron* doctrine." *Id*. at 4, 9–10 (initial capitals omitted).

The Ninth Circuit denied *en banc* rehearing, but stayed its mandate to allow Bank of America to petition the Supreme Court for certiorari. Lusnak, No. 14-56755 (9th Cir.), Dkt. 52, 56. Bank of America's petition for certiorari was filed in the Supreme Court on August 14, 2018, and the respondent's brief is due to be filed by October 17, 2018. Bank of America, N.A. v. Lusnak, No. 18-212 (S. Ct.) (docket entries dated Aug. 14, 2018 and Aug. 24, 2018).

## ARGUMENT

This action should be dismissed pursuant to the "[w]ell-established standard[]" under Fed. R. Civ. P. 12(b)(6) that Plaintiff must "plead[] factual content [that] allows the [C]ourt to draw the reasonable inference that [Citibank] is liable for the misconduct alleged." *In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051, 1060 (N.D. Cal. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff has failed to meet that standard because it does not, and cannot, allege that Citibank is responsible for collecting or receiving escrow payments from Plaintiff, a function typically performed by the mortgage servicer. Because the receipt of escrow payments is a prerequisite to the application of California Civil Code § 2954.8(a), Plaintiff fails to state a claim and the Court should dismiss this action. Alternatively, the Court should stay this action to "promote economy of time and effort for itself, for counsel, and for [the] litigants" pending the Supreme Court's review of *Lusnak*, which bears directly on the issues here and would dispose of this case if *Lusnak* is reversed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

**I.**   **This Action Should Be Dismissed Because Plaintiff Does Not And Cannot Allege That Citibank Breached Any Duty Under California Civil Code § 2954.8(a)**

All Plaintiff's claims are based on the allegation that Citibank's failure to pay Plaintiff escrow interest violated California Civil Code § 2954.8(a). Although the Complaint also alleges that Citibank violated 15 U.S.C. § 1639d(g) and the terms of the Deed of Trust (Compl. ¶¶ 24, 32), neither creates any independent legal requirement to pay escrow interest; at most they require compliance with other applicable laws. *See* 15 U.S.C. § 1639d(g)(3) ("If prescribed by applicable State or Federal law, each creditor shall pay interest…."); Ex. A at 5 ("Unless … Applicable Law

1  requires interest to be paid … Lender shall not be required to pay Borrower any interest….").[5]

2  Plaintiff does not state a claim under § 2954.8(a). Section 2954.8(a) states: "Every

3  financial institution that makes loans upon the security of real property containing only a one- to

4  four-family residence and located in this state or purchases obligations secured by such property

5  *and that receives* money in advance for payment of taxes and assessments on the property, for

6  insurance or for other purposes relating to the property, shall pay interest on the amount so held to

7  the borrower" (emphasis added). Because this statute only imposes a duty where a financial

8  institution "receives" escrow payments, Plaintiff fails to allege that Citibank violated it: although

9  Citibank purchased Plaintiff's mortgage, Citibank has never assumed any responsibility for

10  servicing it, so Plaintiff cannot allege that Citibank *received* Plaintiff's escrow payments.

11  The plain text of § 2954.8(a) imposes a duty to pay escrow interest to the borrower only

12  on financial institutions that meet *two* separate conditions: (1) they must either "make[]" or

13  "purchase[]" residential mortgage loans; *and* (2) they must "receive[]" advance payments of

14  escrow funds. Here, the Complaint alleges that Plaintiff's Deed of Trust was assigned to Citibank

15  in 2016, suggesting that Citibank "purchase[d]" the interest in Plaintiff's Deed of Trust from

16  Countrywide. *See* Compl. ¶ 5; Ex. B. The Complaint also alleges that Plaintiff "deposited funds

17  into the escrow accounts" required by the Deed of Trust. Compl. ¶ 7. Nowhere, however, does the

18  Complaint allege any fact indicating that Citibank in any way received those funds from Plaintiff.

19  The use of the specific word "received" in § 2954.8(a) means that the second statutory

20  condition cannot be pleaded simply through the allegation that Plaintiff made escrow payments

21  on a mortgage owned by Citibank. Although no California court appears to have addressed this

22  issue, it is clear from the ordinary meaning of the word that a borrower's escrow payments are

23  actually "received" by the mortgage servicer—*i.e.*, the entity that handles the day-to-day

---

[5] The Complaint also alleges Citibank "contravened the declared legislative policy espoused in the HUD regulations as set forth in [the] HUD Handbook." Compl. ¶ 24. The HUD Handbook is "merely advisory" and does not support a cause of action. *Beck Park Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 695 F.2d 366, 371 (9th Cir. 1982). Moreover, the Handbook says that "[w]here escrow funds *are invested*, the net income derived from this investment must be passed along to the mortgagor in the form of interest." HUD Handbook 4330.1, Rev-5, § 2-5(C) (emphasis added), https://www.hud.gov/sites/documents/43301C2HSGH.PDF. The Complaint does not allege that Plaintiff's escrow funds were invested.

1   management of the escrow account—which may not be the institution that owns the mortgage.[6]

2       This is confirmed once § 2954.8(a) is construed—as it must be—together with other

3   California statutes on the subject of residential mortgage lending. *Compare Bass v. Cty. of Butte*,

4   458 F.3d 978, 981 (9th Cir. 2006) ("In interpreting a state statute, we must determine what

5   meaning the state's highest court would give to the law."), *with, e.g.*, *Droeger v. Friedman, Sloan*

6   *& Ross*, 54 Cal.3d 26, 50 (1991) ("statutes in pari materia—that is, statutes relating to the same

7   subject matter—should be construed together"). Indeed, § 2954.8(a) is expressly incorporated in

8   the California Residential Mortgage Lending Act, Cal. Fin. Code § 50000 *et seq.* (CRMLA).

9   Financial Code § 50202 requires that "[a] borrower shall receive at least 2 percent simple interest

10  per annum on impound account payments covered by Section 2954.8 of the Civil Code." Cal. Fin.

11  Code § 50202(d). But § 50202(d) addresses the privileges of mortgage servicers that "receive[]"

12  escrow funds from borrowers. *Id.* ("benefits accruing from the placement in a non-interest-

13  bearing account … of funds received by a licensee who services mortgage loans … shall inure to

14  the licensee"). This shows that both the use of the identical word "receive[]" in § 2954.8 and the

15  state-law duty to pay escrow interest must reference mortgage servicers. CRMLA's "Definitions"

16  section even provides that "'*[s]ervice' or 'servicing' means **receiving** … payments of principal,*

17  interest, or other *amounts placed in escrow*, … and performing services by a licensee relating to

18  that receipt…." Cal. Fin. Code § 50003(x) (emphases added).

19      As the Complaint does not and cannot allege that Citibank or any affiliate of Citibank has

20  been responsible for servicing Plaintiff's mortgage, it fails to plead that Citibank "received"

21  escrow payments as necessary to state a claim based on a violation of § 2954.8(a). To be sure, the

22  Complaint does obliquely suggest that Citibank's "agents" serviced the mortgage. *See* Compl. ¶ 7

23  (Plaintiff has not received escrow interest "back from Defendant or its agents or loan servicers").

24  That vague allegation is inadequate to plead that Citibank "received" escrow payments within the

25  meaning of § 2954.8(a). Moreover, the circumstances of this case do not permit Plaintiff to rely

26

27  ---
    [6] *See* Consumer Financial Protection Bureau, *What's the difference between a mortgage lender*
28  *and a servicer?* (Sept. 13, 2017), www.consumerfinance.gov/ask-cfpb/whats-the-difference-
    between-a-mortgage-lender-and-a-servicer-en-198/.

1   on an agency theory to plead that Citibank "received" her escrow payments.

2          That is because, under the terms of the Plaintiff's Deed of Trust, Citibank's purchase of

3   the mortgage did not result in the assumption of liability for the mortgage servicer. Section 20 of

4   the Deed of Trust expressly provides that "[i]f the Note is sold …, the mortgage loan servicing

5   obligations to Borrower … *are not assumed by the Note purchaser* unless otherwise provided by

6   the Note purchaser." Ex. A at 12 (emphasis added). The Ninth Circuit addressed precisely these

7   contractual terms in *Johnson v. Federal Home Loan Mortgage Corporation*, 793 F.3d 1005, 1006

8   (9th Cir. 2015) (quoting identical deed-of-trust provision). There, the plaintiff brought state-law

9   claims against the purchaser of his mortgage based on the allegation that the seller—who retained

10  the servicing rights following the sale—had failed to pay the plaintiff's insurance premium out of

11  his escrow account, triggering a series of events that led to the loss of his home. *Id*. at 1006–07.

12  The Ninth Circuit enforced the deed-of-trust provisions to affirm dismissal of the plaintiff's

13  claims. *Id*. at 1008–09. Rejecting the plaintiff's argument that the purchaser assumed the seller's

14  obligations under the mortgage, the court relied on the deed of trust to hold that the "servicing

15  obligations remained with [the seller]," and the purchaser "did not assume them." *Id*. at 1008.[7]

16         Similarly here, Citibank did not assume any liability for the mortgage servicing

17  obligations when it was assigned Plaintiff's mortgage. Whether or not there might be any

18  circumstances where a financial institution other than the mortgage servicer may be liable under

19  § 2954.8(a) for the borrower's escrow-interest payments, under *Johnson* those circumstances do

20  not exist here. Because Citibank is not alleged to have assumed the servicing obligations here,

21  this case starkly contrasts with *Lusnak*, where Bank of America both owned and serviced

22  Lusnak's mortgage. *See* Appellee's Response Brief 4, Lusnak, No. 14-56755 (9th Cir.), Dkt. 16.

23  Likely for that reason, the parties in *Lusnak* "agree[d] that the terms of Lusnak's mortgage require

24

25  ───────────────

26  [7] Although *Johnson* was decided under Washington law, California law is no different in any
    relevant respect. *Compare Johnson*, 793 F.3d at 1008 (quoting *Lewis v. Boehm*, 947 F.2d 1265,
    1270 (Wash. Ct. App. 1997)) ("under Washington law, 'an assignee in an executory contract is
    not liable on the underlying obligations absent an express assumption of those obligations'"), *with*

27  *Enter. Leasing Corp. v. Shugart Corp.*, 231 Cal. App. 3d 737, 745 (1991) ("[T]he mere

28  assignment of rights under an executory contract does not cast upon the assignee the obligations
    imposed by the contract upon the assignor.").

1   *Bank of America* to pay interest on escrow funds if required by federal law or state law that is not

2   preempted." 883 F.3d at 1190 (emphasis added). Thus, *Lusnak* is distinguishable, and in no way

3   requires this Court to hold that Plaintiff has stated a claim against Citibank for violation of

4   § 2954.8(a). The *Lusnak* panel did not consider the application of § 2954.8(a) to the

5   circumstances here.

6        For these reasons, even if Plaintiff were entitled to the relief she seeks, she has sued the

7   wrong defendant: Plaintiff does not and cannot plead that Citibank either directly received

8   Plaintiff's escrow funds or is vicariously liable for their receipt. Therefore, Plaintiff fails to state

9   any claim against Citibank for purported violations of § 2954.8(a). The Complaint should be

10  dismissed with prejudice.

11  **II.     This Action Should Be Stayed Pending The Supreme Court's Review Of *Lusnak***

12       Alternatively, the Court should stay this action while *Lusnak* remains pending before the

13  Supreme Court. As the Ninth Circuit has repeatedly stated, pursuant to *Landis v. N. Am. Co.*, 299

14  U.S. 248 (1936), a district court has the discretion to "find it is efficient for its own docket and the

15  fairest course for the parties to enter a stay of an action before it, pending resolution of

16  independent proceedings which bear upon the case." *Levya v. Certified Grocers of Cal., Ltd.*, 593

17  F.2d 857, 863 (9th Cir. 1979); *see Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109–11 (9th Cir.

18  2005); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983);

19  *CMAX, Inc*, 300 F.2d at 268. Reasons of efficiency and fairness clearly warrant a stay here.

20       Courts in this district regularly find that a stay is warranted pending the Supreme Court's

21  review of other cases whose resolution would bear on the issues pending before those courts—

22  especially where, as here, the cases before them are brought as class actions. *See, e.g., Robledo v.

23  Randstad US, L.P.*, 2017 WL 4934205, at *2–6 (N.D. Cal. 2017) (stay granted pending *Ernst &

24  Young, LLP v. Morris*); *Larroque v. First Advantage LNS Screening Solutions, Inc.*, 2016 WL

25  39787, at *1–3 (N.D. Cal. 2016) (stay granted pending *Spokeo, Inc. v. Robins*); *Wolf v. Lyft, Inc.*,

26  2015 WL 4455965, at *2–3 (N.D. Cal. 2015) (stay granted pending *Campbell-Ewald Company v.

27  Gomez*); *Kaltwasser v. Cingular Wireless LLC*, 2010 WL 2557379, at *1–3 (N.D. Cal. 2010)

28  (stay granted pending *AT&T Mobility LLC v. Concepcion*); *cf., e.g., Bowden v. Contract Callers,*

*Inc.*, 2017 WL 1732017, at *2–4 (N.D. Cal. 2017) (stay granted pending decision from D.C. Circuit in *ACA International v. FCC*). In these cases, *Landis* stays were granted after the Supreme Court had already granted petitions for certiorari: here, even though briefing on Bank of America's petition for certiorari in *Lusnak* is not yet complete as of the date of the filing of this motion, it is possible that the Supreme Court will have decided whether to grant the petition prior to the Court's ruling on this motion. In any case, district courts have also granted *Landis* stays where a petition for certiorari has been filed in the Supreme Court but has not yet been granted or denied. *See Rodriguez v. Cleansource, Inc.*, 2015 WL 12434307, at *1, 4 (S.D. Cal. 2015); *Indep. Living Ctr. of S. Cal. v. Shewry*, 2010 WL 11520671, at *2 (S.D. Cal. 2010); *see also Nationstar Mortg., LLC v. Springs at Spanish Trail Ass'n*, 2017 WL 752775, at *1–2 (D. Nev. 2017) (declining to lift *Landis* stay where parties in other cases presenting related issues indicated their intent to petition the Supreme Court for certiorari).

As discussed in the above cases, the Ninth Circuit has instructed that, to decide whether a stay is warranted in light of pending proceedings in another forum, a district court should weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55). All three factors clearly favor a stay here in light of Bank of America's petition—and overwhelmingly would favor a stay in the event that the Supreme Court grants the petition. The Supreme Court will soon decide whether to hear *Lusnak* (possibly before the Court rules on this motion) and—if it decides to grant certiorari—can be expected to reach a decision on the merits of the issues presented before the end of the 2018 Term. As a result, the requested stay would be limited in duration and Plaintiff will not be prejudiced by it, especially where this case is still in its early stages. *See, e.g.*, *Larroque*, 2016 WL 39787, at *2. By contrast, if the stay is not granted and the case proceeds to the discovery phase, Citibank will suffer the hardship of having to defend itself against class-action litigation, potentially including expansive discovery and class-certification proceedings. Because the issues presented by *Lusnak* are squarely on point here and

would be dispositive of the issues in this case if the Supreme Court overturns *Lusnak*, Citibank's efforts would be rendered moot if the Supreme Court grants certiorari and rules that the NBA preempts Civil Code § 2954.8(a). *See id*. In that event, the Court would similarly have to expend time and resources on the proceedings in this case—and accordingly, the orderly course of justice also warrants a stay. *See id*.

Moreover, there are compelling reasons for the Supreme Court not only to grant Bank of America's petition for certiorari, but also to reverse on the merits. For the reasons discussed in the OCC's own Ninth Circuit briefing (*see supra* at 5–6), the Ninth Circuit's opinion wrongly decides an important issue of federal banking law in a manner that cannot be reconciled with *Barnett* and other prior Supreme Court precedent. *See* S. Ct. R. 10(c) (considerations favoring certiorari review include where circuit court's decision addresses important question that should be settled by Supreme Court or conflicts with Supreme Court precedent). Among other reasons: (1) the Ninth Circuit failed to recognize that the application of Civil Code § 2954.8(a) to national banks would significantly impair the mortgage-lending and escrow-account activities of national banks like Citibank and potentially subject them to diverse, duplicative regulation across the fifty states; (2) the Ninth Circuit gave insufficient deference to 12 C.F.R. § 34.4, a binding OCC regulation entitled to deference because the OCC has the regulatory authority to preempt state law; (3) the Ninth Circuit incorrectly applied DFA, 15 U.S.C. § 1639d(g)(3), retroactively in concluding that § 2954.8(a) applied to mortgage loans that (like Plaintiff's here) were originated prior to the enactment of the DFA in 2010; and (4) the Ninth Circuit incorrectly interpreted § 1639d(g)(3) as an expression of Congressional intent that state escrow-interest laws do not significantly impair the activity of national banks, even though that section is limited in its application to certain specific, federally mandated escrow accounts. *See* 15 U.S.C. § 1639d(b).

The reasonable likelihood that certiorari will be granted and *Lusnak* will be overturned on the merits further weighs in favor of a stay of this case. Neither the legitimate interests of the parties nor the orderly course of justice require moving forward with this case if there is a reasonable chance that the Supreme Court will rule before the end of this Term that Plaintiff's claims are preempted. For the same reason, Citibank should not yet be required to defend against

this litigation. Therefore, Citibank requests that the Court stay all proceedings in this case while *Lusnak* is pending in the Supreme Court.

### III.   Citibank Reserves Its Right To Argue Preemption If *Lusnak* Is Overturned

Solely for the purpose of preserving the argument that Plaintiff's claims are preempted, Citibank also asserts that *Lusnak* was wrongly decided for the reasons discussed *supra* (at 12), and that this action warrants dismissal for failure to state a claim because the NBA and 12 C.F.R. § 34.4 preempt Plaintiff's claims. In the event that the Supreme Court overturns *Lusnak*, Citibank reserves the right to move the Court to reconsider whether this action should be dismissed in light of the Supreme Court's ruling.

### CONCLUSION

This action should be dismissed with prejudice; alternatively, it should be stayed.

Dated: October 9, 2018

MAYER BROWN LLP

By:  /s/ Evan M. Wooten

Evan M. Wooten (#247340)
ewooten@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 621-9450
Facsimile: (213) 625-0248

Debra Bogo-Ernst (*pro hac vice to be filed*)
dernst@mayerbrown.com
Lucia Nale (*pro hac vice to be filed*)
lnale@mayerbrown.com
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

*Attorneys for Defendant Citibank, N.A.*

1

**CERTIFICATE OF SERVICE**

2

I, Evan M. Wooten, hereby certify that on October 9, 2018, I caused the foregoing

3

document to be electronically filed with the Clerk of the Court using the CM/ECF system, which

4

will send notification of such filing to all counsel of record.

5

6

By: <u>*/s/ Evan M. Wooten*</u>
Evan M. Wooten

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28